# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2845

_____

Bridgette Turner

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner, Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro

_____

Submitted: April 14, 2015
Filed: August 21, 2015
[Unpublished]

_____

Before RILEY, Chief Judge, LOKEN and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Bridgette Turner applied for Social Security Supplemental Security Income ("SSI") benefits in June 2008, alleging disability due to knee surgery, rheumatoid arthritis, drug addiction, mental illness, obesity, spinal problems, headaches, and high blood pressure. The claim was denied after a hearing in December 2009; Turner sought Appeals Council review. A second application alleging disability onset in

December 2009 was granted in April 2010.  The Appeals Council reopened the grant of benefits and, citing discrepancies in the medical evidence, remanded the two applications to an administrative law judge for further evaluation of whether Turner's mental impairments met the requirements of listing 12.08 A6.  After a second hearing in November 2012, the ALJ found that Turner was not disabled.  The Appeals Council denied Turner's administrative appeal, and she filed this action for judicial review of the final agency action denying SSI benefits.  The district court[1] in a thorough opinion concluded that substantial evidence on the record as a whole supports the ALJ's decision.  See Davidson v. Astrue, 578 F.3d 838, 841-42 (8th Cir. 2009) (standard of review).  Turner appeals.  We affirm.

After reviewing Turner's hearing testimony and extensive medical evidence, including conflicting medical opinions regarding the extent of Turner's mental impairments, the ALJ found that she had severe impairments -- a history of osteoarthritis of the right knee, hypertension, obesity, mood disorder, and personality disorder -- but did not have an impairment that equaled a listed impairment, see 20 C.F.R. Pt. 404, Subpt. P, App. 1, in particular, the mental impairment in Listing 12.08 A6.[2]  The ALJ then determined that Turner had the residual functional capacity ("RFC") to perform light work limited to work involving "simple instructions with

---

[1]The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

[2]This listing is for an impairment described as, "Deeply ingrained, maladaptive patterns of behavior associated with . . . 6. Intense and unstable interpersonal relationships and impulsive and damaging behavior." To meet the listing, a claimant must establish that her impairment results in two of the "Paragraph B" limitations: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; repeated episodes of decompensation, each of extended duration.  The ALJ found that Turner had only moderate restriction in daily living, moderate social functioning difficulties, moderate difficulties in concentration, persistence, or pace, and no episodes of decompensation.

occasional contact with co-workers and supervisors and no contact with the public in an environment with infrequent changes that are gradually introduced." At the hearing, a vocational expert ("VE") testified in response to the ALJ's hypothetical question that a person with Turner's age, education, prior work, and RFC can perform a significant number of jobs that exist in the national economy. Crediting this opinion testimony, the ALJ found that Turner was not disabled based on her June 2008 and January 2010 SSI applications. After the Appeals Council denied review, Turner filed this action for judicial review.

The district court concluded that substantial evidence supports the ALJ's adverse findings Turner challenges on appeal -- that the ALJ erred by (1) finding she does not meet listing 12.08, (2) rejecting her treating physician's opinion, and (3) assigning an RFC that qualifies Turner for light work.

1. Turner argued the ALJ erred by discrediting an April 2010 report by a non-examining state agency psychologist stating that Turner meets Paragraphs B.1, B.2, and B.3 of Listing 12.08 A.6, supported by a May 2010 report signed by Turner's treating physician at Counseling Services of Eastern Arkansas, Dr. Jyothsna Kumar, that Turner lacked social judgment, was being treated for psychotic disorder and borderline personality disorder, and "is one of the most difficult persons to deal with." The district court concluded that substantial evidence supported the ALJ's finding that Turner had not met Listing 12.08:

> Clearly, the medical evidence in this case is in conflict, with a state nonexamining physician and a treating physician with one opinion, and numerous consultative examiners with a different view. We find it significant that three different consultative examiners . . . deemed the plaintiff a malingerer. We also find it significant that these opinions spanned a period of close to four years (from . . . June of 2008 through . . . April of 2012). . . . [T]here was not a consultative examiner that disagreed with the malingering diagnosis.

The administrative record supports the district court's analysis. Arkansas state disability examinations in June 2008, September 2008, April 2010, and April 2012 did not support a claim of disabling mental impairment and reported evidence of malingering and exaggerated symptoms. When there is evidence of malingering, "it is the ALJ's role to resolve conflicts in experts' opinions." Clay v. Barnhart, 417 F.3d 922, 930 (8th Cir. 2005).

A claimant must prove that she meets all of a listing's specific criteria. Blackburn v. Colvin, 761 F.3d 853, 858 (8th Cir. 2014). We agree with the district court that substantial evidence supports the ALJ's finding that Turner failed to prove at least two of the Paragraph B criteria for Listing 12.08 A6.

2. Turner further argued that the ALJ erred in giving "minimal evidentiary weight" to the May 2010 opinion of treating physician Kumar that Turner's "vocational potential is felt to be poor." Noting that an "ALJ is not required to rubber stamp the report o[f] any one doctor, even a treating physician," the district court concluded that substantial evidence supported "the ALJ's weighing of the medical records and the discounting of the reports cited by the plaintiff." Again, the record supports this analysis. "An ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence." Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005) (quotation omitted). The ALJ committed no error in discounting Dr. Kumar's conclusory May 2010 opinion and giving greater weight to conflicting opinions that were more detailed, consistent with one another, and more consistent with the remainder of the record, including Turner's inconsistent testimony regarding her daily activities. See Cantrell v. Apfel, 231 F.3d 1104, 1107 (8th Cir. 2000).

3. Turner argued that the ALJ's disability finding was flawed because the RFC used in the ALJ's hypothetical question to the VE did not accurately reflect Turner's mental and physical limitations. A hypothetical to the VE "is sufficient if it sets forth

the impairments which are accepted as true by the ALJ." Clay, 417 F.3d at 931. The district court concluded that the question posed by the ALJ accurately reflected the medical evidence. As to mental impairments, substantial evidence supported the ALJ's finding that Turner "had mental issues but was otherwise capable of functioning in a work environment."[3] As to physical impairments, the district court noted Turner's "longstanding issue with her right knee," which the ALJ acknowledged, and medical evidence consistent with the finding that Turner has the RFC to do light work with limitations included in the ALJ's hypothetical to the VE.[4] When record evidence supports either of two inconsistent findings regarding Turner's knee impairment, the district court correctly concluded, a reviewing court "must affirm the ALJ's decision." Perks v. Astrue, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted).

After careful review of the administrative record, we agree that substantial evidence on the record as a whole supports the ALJ's decision for the reasons stated in the district court's Order dated July 14, 2014. We therefore affirm the judgment of the district court.

_____

---

[3]The district court properly rejected Turner's argument that the ALJ erred in not giving greater weight to Counseling Services reports stating that Turner displayed GAF scores ranging from 35 in September 2008 to 41 in November 2008 to 30 in October 2009 and 50 in January 2010. Higher GAF scores were attributed by examiners who also opined that Turner was malingering. The ALJ permissibly "afford[ed] greater weight to medical evidence and testimony than to GAF scores." Jones v. Astrue, 619 F.3d 963, 974 (8th Cir. 2010).

[4]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).